## FELICI *v.* RIBAS ET AL.

### APPEAL from the District Court of Ponce.

No. 47.—Decided December 17, 1906.

RIGHT OF REDEMPTION—PERIOD WITHIN WHICH IT MUST BE EXERCISED.—No matter what may be the nature of the legal right of redemption to be exercised—that is to say, whether it is judicial or extra-judicial—it must be taken advantage of within the unextendable period of nine days, as provided by section 1427 of the Civil Code.

ID.—STRICT CONSTRUCTION OF THE PROVISIONS GOVERNING THE SAME.—The very nature of the right of redemption requires a rigorous application of this rule, inasmuch as it is a resolutory condition or a limitation of the right of ownership, and the laws governing legal redemption should be strictly construed.

ID.—EXERCISE OF THE RIGHT.—The right of redemption may be exercised extrajudicially within the period of nine days fixed by the law, but if the purchaser does not acknowledge the right of the redemptioner, or if acknowledging the right he fails to execute the deed of subrogation, the redemptioner must, under penalty of the forfeiture of his right, resort to his judicial remedy by bringing a suit for redemption within the period of nine days fixed by the law.

ID.—A mere extra-judicial demand made upon the purchaser within nine days fixed by section 1427 of the Civil Code to acknowledge the right of redemption without duly securing his subrogation to the rights of the purchaser, is not sufficient to constitute a compliance with the absolute and definite provisions of said section, even though after the expiration of said term he should file an action for redemption; and to hold the contrary would render the rights of the purchaser uncertain and subject them to a resolutory condition to continue for a longer time than that allowed by the law.

ID.—PRESCRIPTION OF ACTIONS—INTERRUPTION OF PRESCRIPTION.—The provisions of section 1874 of the Civil Code are not applicable to the right of legal redemption by virtue of the provisions of section 1839 of the said Code, inasmuch as section 1427 of that Code specially provides for an unextendable

period within which the right shall be exercised, and the provisions of section 1874, above cited, are incompatible with those of section 1427 fixing the period within which the right shall be exercised as aforesaid.

The facts are stated in the opinion.

*Mr. de Diego* for appellant.

*Mr. Díaz Navarro* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Domingo Felici Pieretti and others, among them Alejandro Albizu, being joint owners of the "Rita" Plantation, devoted to the production of cane, situated in *barrio* Cerrillos, within the municipal jurisdiction of Ponce, all of them, with the exception of Felici, sold their respective interests therein to Carmen, José and Julio Ribas Salguero for the price of $9,255.95, to be paid in different instalments, with interest at 6 per cent per annum, the said instalments and interest thereon amounting to the sum of $10,797.38, to secure the payment of which the property was mortgaged.

The public deed of sale and mortgáge was executed in the city of Ponce under date of January 11 of the present year before Notary Luis Yordan, the said deed not having been recorded in the registry of property. By a subsequent deed, dated January 15 of the said year, the joint owner of the said plantation, Alejandro Albizu, acknowledged that he had received from the purchasers the part of the purchase price corresponding to his share and canceling, in so far as that part was concerned, the mortgage constituted upon the property.

On the 20th of January aforesaid, which was the date on which Felici became aware of the sale, at his request a demand was made upon the purchasers by means of a notarial instrument to subrogate him as a joint owner of the "Rita" Plantation to all the rights acquired by virtue of the sale, and to the said demand Julio Ribas y Aromi replied, as the attorney in fact of the parties on whom the demand was made, "that representing his principals he had no objection to the subrogation of Felici to the rights acquired under the said contract provided his principals were paid the sum of $5,360, which they

had paid in satisfaction of necessary and legitimate expenses in connection with the property sold.''

By a new notarial instrument executed in the city of Ponce on the 24th of the said month of January before Notary Alberto Salicrup, Felici stated that being disposed to reimburse the purchasers, Carmen, José and Julio Ribas Salicrup, the price of the sale in the manner stipulated in the deed of January 11, as well as the expenses incurred in connection with the contract, and any other legitimate payment made in connection with the sale, and the necessary expenses incurred on the property sold prior to the demand made under date of January 20, he required the notary before whom the deed was executed to make demand upon the persons aforesaid in order that they should appear at the notarial office of Manuel León Parra to execute a proper public deed of subrogation; and on the day following, which was the 25th of January, the demand requested was made upon Julio Ribas Aromi, who replied that, in his capacity as attorney-in-fact of Carmen, José and Julio Ribas Salguero, he ratified the statement made in the notarial instrument of January 20.

In a third notarial instrument, executed on the 29th of the said month of January, Felici stated that inasmuch as he was disposed to pay in addition to the amount of the sale of the ''Rita'' Plantation the legitimate expenses and other costs provided for by section 1428 of the Civil Code, he required the notary to make demand upon Carmen, José and Julio Ribas Salguero to show that the said sum of $5,360 claimed by them was legitimately expended; and this demand having been made on the 31st of January, Julio Ribas Aromi, in the name of Carmen, José and Julio Ribas Salguero, replied that by deed of the 24th of January the party making the demand accepted the claim of $5,360 as necessary and legitimate expenses incurred in connection with the contract and paid by his principals in connection with the property sold; for which reasons and because he recognized no right whatever in the

party making the demand to be subrogated to the rights acquired by his principals in the deed of purchase of January 11, inasmuch as such right had not been exercised by Domingo Felici in due time and form, according to the provisions of law, he refused absolutely to accede to the demand of Felici, reserving all his rights in the premises.

Domingo Felici filed a complaint in the District Court of Ponce on February 5 following against Carmen, José and Julio Ribas Salguero, alleging the facts hereinbefore set forth, with the exception of the fact relating to the payment made by the purchaser to Alejandro, Albizu, and prayed that in due time the court render judgment declaring that the plaintiff, as a co-owner of the "Rita" Plantation, had a right to redeem the shares sold by the other co-owners to defendants, and to adjudge that said defendants, within the period of three days, execute in favor of the plaintiff a proper deed of sale of the said shares under the same conditions under which they appear to have acquired the same by deed of January 11, 1906, and that they be warned that in case of their failure so to do the court would execute the deed of its own motion.

The defendants filed a demurrer to the complaint, alleging that it did not state facts sufficient to constitute a cause of action, and the Ponce court, by an order dated February 23, after hearing the allegations, overruled the demurrer, holding that it could not decide the allegation as to the prescription of the right of redemption, because the question could not be raised on general demurrer without prejudice to the rights of defendants to plead the same in answer to the complaint.

The defendants alleged in their answer that they had paid as legitimate and necessary expenses incurred in connection with the property sold, by virtue of the deed of January 11, the sum of $5,360, in the following manner, to wit: $1,500 to their lawyer as commission agreed upon in payment of his efforts to secure the necessary options from the different co-owners of the "Rita" Plantation; $3,000 to the said lawyer

for his professional services in drawing the innumerable documents connected with the sale of the property and the recording of such documents in the registry of property, and $360 in addition paid to Alejandro Albizu in satisfaction of his mortgage on the property. Defendants further pleaded prescription, inasmuch as the right of the plaintiff to exercise the right of redemption had prescribed according to the provisions of section 1427 of the Revised Civil Code, and sections 37, 38, 50 and 87 of the Code of Civil Procedure, and praying that the complaint be dismissed on the ground that the legal right of redemption had prescribed, and in case the court should not so hold, that it declare that, in case of the subrogation of the plaintiff to the rights acquired by the defendants under the deed of January 11, he should pay them as legitimate and necessary expenses incurred in connection with the thing sold the sum of $5,360, and that the costs be taxed against the plaintiff.

The trial having been held, the District Court of Ponce rendered the following judgment:

"Suit No. 35. *Domingo Felici y Pieretti,* Attorney Rodríguez *v. Carmen, José and Julio Ribas,* Attorney Yordan. Legal Redemption. In the city of Ponce, P. R. This cause having come on to be heard on the 23d day of March, last, after the same had been duly set down upon the calendar, appeared the plaintiff, Domingo Felici y Pieretti, through his counsel, Gustavo Rodríguez, and the defendants, Carmen, José and Julio Ribas, through their attorney, Luis Yordan. After hearing the allegations and the evidence introduced the court reserved judgment and to-day, the 23d of April, in open session, counsel for the parties, Gustavo Rodríguez Acevedo, for plaintiff, and Luis L. Yordan Davíla for defendants, being present, the court renders the following judgment:

"*Whereas,* if it could be admitted that the demand made on the 24th of January, of which the defendants, through their attorney-in-fact, Julio Ribas, acknowledged the right of the plaintiff to redeem, interrupted the period of 9 days allowed to exercise the right of redemption, which commenced to run on the 20th of the said month, on which date the plaintiff appears to have become aware for the first time of the sale of the "Rita" Plantation, it is true that, from the date

of that acknowledgment made on January 24 to the 5th of February, upon which this complaint was filed, the term of nine days has again expired; and,

"*Whereas*, the demand made on the 31st of January, for the sole purpose of requiring the defendants to show the legitimacy of the expenditure of the $5,000 which they claim as improvements and necessary expenses made in connection with the thing sold, which should be paid to them together with the price of the sale, cannot have the effect of interrupting the prescription of the action because it is not an extra-judicial claim of the right already acknowledged, but merely a worthless proceeding, inasmuch as in case the redemptioner should not agree to such a demand the only legal remedy left open would be an action for the purpose of determining the propriety and amount of such a demand for improvements; and,

"*Whereas*, it must be borne in mind that, if the expiration of the term of 9 days produces determinative prescription with respect to the redemptioner, it likewise produces acquisitive prescription with respect to the purchaser who, by the expiration of such period, acquires full ownership free from the resolutory condition limiting the same, and inasmuch as if the former may be interrupted by an extra-judicial demand, the latter—that is to say, acquisitive prescription of the ownership—is not interrupted in this manner (sections 1845 to 1849 of the Civil Code) ; and, moreover, prescription of actions is un-. derstood to be without prejudice to the provisions of the law in regard to the acquisition of ownership and real rights by prescription. (Section 1864 of the Civil Code.) It must be concluded that a mere extra-judicial demand is not sufficient in cases like the present one.

"*Therefore*, the court is of opinion that the law and the facts are against the plaintiff, and consequently dismisses the complaint with costs amounting to ———. Judgment rendered in the city of Ponce, P. R., this 23d day of April, 1906. Entered the same day, month and year.—Attest: Francisco Brenés Plaja, secretary district court. O. K. J. Tous Soto, district court judge."

From this judgment counsel for Domingo Felici took an appeal which, after hearing the oral and written allegations of the parties, is now pending decision before this Supreme Court and which we shall now consider.

The legal question to be decided in this appeal, as raised by the parties in their respective allegations, is whether after the extra-judicial demand upon the defendants claiming the

right of legal redemption of the shares in the ownership of the "Rita" Plantation acquired by them, and in which plantation the plaintiff was a co-owner, and which demand was made on the same day that the plaintiff became aware of the purchase and sale, the said right was exercised in due time in filing the complaint after the expiration of nine days, counting from the date on which plaintiff became aware of the facts.

Section 1427 of the Civil Code in force reads as follows:

"The right of legal redemption cannot be exercised except within 9 days counting from the entry in the registry, and in the absence thereof, from the time the redeemer may have had knowledge of the sale."

This section does not explain how the right of legal redemption referred to shall be exercised, nor does the Code of Civil Procedure now in force contain any special provision whatever in regard to the matter, although Title XIX of the second book of the former Law of Civil Procedure treated of redemptions, and the provisions of that adjective law fixed and determined the true judicial character of said right recognized by section 1524 of the former Civil Code, of which the one hereinbefore quoted is an exact copy. For this reason that section must be strictly construed and we must take into account the special character of the right of redemption.

Said section 1427 of the Civil Code provides in an absolute and definite manner that the right of redemption cannot be exercised except within the nine days specified, and in the face of such an imperative provision we are forced to the conclusion that whatever may have been the manner in which that right was exercised, whether judicial or extra-judicial, it must always be exercised within the limited period of nine days. And this is also demanded by the very nature of the right of redemption which, being a resolutory or limited condition of the right of ownership, requires a strict and not a broad construction of the provisions governing the same.

There is, nothing to prevent the purchaser from being required to acknowledge extra-judicially within the peroid of nine days the right of redemption, and if he obtains such acknowledgment and the proper deed of subrogation of rights is executed in his favor, then no judicial demand or claim would be necessary; but if his right is not acknowledged, or if acknowledged the deed is not executed, his right will terminate unless he resorts to his judicial remedy by filing an action for redemption within the period of nine days provided for by law.

We cannot admit, as the distinguished counsel for the appellant seeks to show, that a mere extra-judicial demand made upon the purchaser within the period of nine days to ackuowledge the right of redemption without having fully obtained the result sought, although an action is brought immediately after the expiration of said period, is sufficient to constitute a compliance with the absolute and definite provision of section 1427 of the Civil Code, because in that case the right of legal redemption could be exercised judicially after the expiration of the period of nine days counting from the entry in the registry or from the date on which the redemptioner had knowledge of the sale, which is in open contradiction to the letter of said section, and the result would be that the rights of the acquiring party would always be uncertain and subject to a resolutory condition for a longer period than that allowed by law.

It is true that section 1874 of the Civil Code provides that prescription of actions is interrupted by their institution before the courts, by extra-judicial demand by the creditor, and by any act of acknowledgment of the debt by the debtor; but in view of the provisions of section 1839 of the said Code, we do not think this section is applicable to the present case, where there is a special provision which, as we have already said, fixes the absolute period within which the right of legal redemption may be exercised, and this provision is incompatible with the provisions of section 1874 above cited.

For the reasons set forth we are of the opinion that the judgment appealed from should be affirmed, with the costs of the appeal also against the appellant, Domingo Felici y Pieretti.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras and Mac-Leary concurred.

Mr. Justice Wolf also concurred, but expressed his views in a separate opinion.

#### CONCURRING OPINION OF MR. JUSTICE WOLF.

It appears to me that the nine days required by section 1727 of the Civil Code do not mean that a complaint must be filed within that time. It is sufficient if the person who wishes to receive the redemption notifies the proper person within nine days after the sale has been entered in the registry, in the absence thereof, from the time the redeemer may have had knowledge of the sale. In the case at bar, however, the nine days had expired in any event, and for that reason I concur in the judgment of the court.